IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND
Civil Division

|  |  |
|---|---|
| GREENHILL CAPITAL CORPORATION <br> 4901 Fairmont Avenue, Suite 200 <br> Bethesda, Maryland 20814 <br><br> WHITE FLINT EXPRESS REALTY GROUP <br> LIMITED PARTNERSHIP, LLLP <br> 4901 Fairmont Avenue, Suite 200 <br> Bethesda, Maryland 20814 <br><br> Plaintiffs, <br><br> v. <br><br> TRAVELERS PROPERTY CASUALTY <br> COMPANY OF AMERICA <br> One Tower Square <br> Hartford, Connecticut 06183 <br><br> Serve: Therese M. Goldsmith, Insurance Commissioner <br> Maryland Insurance Administration <br> 200 St. Paul Place, Suite 2700 <br> Baltimore, Maryland 21202 <br><br> Defendant. | Case No. _____ |

## COMPLAINT

COMES NOW, the Plaintiffs, Greenhill Capital Corporation ("Greenhill") and White Flint Express Realty Group Limited Partnership, LLLP ("White Flint"), by and through counsel, Todd P. Forster and Futrovsky, Forster & Scherr, Chartered, and sues the Defendant, Travelers Property Casualty Company of America, and for its claim and cause of action states:

*Parties, Venue and Jurisdiction*

1. Plaintiff Greenhill is a corporation organized and existing under the laws of the State of

Maryland, and, at all times relevant hereto, maintained its principal place of business in Bethesda, Montgomery County, Maryland.

2. Plaintiff White Flint is a limited liability limited partnership organized and existing under the laws of the State of Maryland, and, at all times relevant hereto, maintained its principal place of business in Bethesda, Montgomery County, Maryland (Plaintiff Greenhill and Plaintiff White Flint may be collectively referred to as "Plaintiffs").

3. Defendant Travelers Property Casualty Company of America ("Defendant") is a corporation organized under the laws of the State of Connecticut, and, at all times relevant hereto, was engaged in the business of providing property and casualty insurance coverage in, among other places, Bethesda, Montgomery County, Maryland.

4. Pursuant to Maryland Code Annotated, Courts and Judicial Proceedings, § 1-501, this Court has subject matter jurisdiction over this matter.

5. This Court has jurisdiction to grant Plaintiffs the declaratory relief requested herein pursuant to § 3-403 of the Maryland Code Annotated, Courts and Judicial Proceedings.

6. This Court has personal jurisdiction over Defendant pursuant to §§ 6-102 and 6-103(b)(1) and (6) of the Maryland Code Annotated, Courts and Judicial Proceedings.

7. Venue is proper in this Court pursuant to §§ 6-201(a) and 6-202(3) of the Maryland Code Annotated, Courts and Judicial Proceedings.

### *The Properties*

8. Plaintiff White Flint owns property located at 4905 and 4909 Fairmont Avenue in Bethesda, Montgomery County, Maryland (the "White Flint Property").

9. The White Flint Property is improved by two (2) new buildings constructed in or about February 2010, which were leased to two commercial tenants – a dance studio (at 4909 Fairmont) and a restaurant (at 4905 Fairmont) (collectively, the "White Flint Buildings").

10. Prior to the happening of the events described herein, the White Flint Property and the White Flint Buildings were undamaged and structurally sound in all respects.

### *The Policy of Insurance*

11. At all times relevant hereto, Plaintiff Greenhill maintained a commercial insurance policy, Policy No. Y-630-870X377A (the "Policy"), issued by Defendant Travelers.

12. The Policy covered various commercial properties, including the White Flint Property.

13. The Policy issued by Defendant Travelers was an "all risk" insurance policy which provided insurance coverage for loss due to all risks other than those excluded from coverage in the Policy.

### *The Covered Loss*

14. In approximately August 2011, Bainbridge St. Elmo Bethesda Apartments, LLC authorized and began construction on an apartment building on the property it owned immediately adjacent to the White Flint Property.

15. In connection with the construction of the apartment building, Bainbridge St. Elmo Bethesda Apartments, LLC, along with its contractor and subcontractor (collectively referred to as "Bainbridge"), commenced excavation of the foundation and a multi-story underground garage for the planned apartment building.

16. In order to excavate numerous stories underground, Bainbridge designed and installed a

"sheeting and shoring" system to prevent soils and sub-surface structures, such as neighboring foundations, from moving towards or into the excavation area.

17. The installation of such a "sheeting and shoring" system required Bainbridge to install "tie backs" and "bracket piles" under the White Flint Property.

18. As a result of the installation of the sheeting and shoring system, the multi-story excavation, the withdrawal of naturally necessary lateral support, and other defective means and methods utilized by Bainbridge, the structural integrity of the White Flint Property was compromised, causing the White Flint Buildings to move differentially (i.e., in a non-uniform manner), which resulted in significant cracking in the buildings, damage to internal components of the buildings, and causing the buildings to subside unevenly more than two inches.

19. The defective means and methods employed by Bainbridge during the course of construction caused significant stresses on and damages to the White Flint Buildings, thereby rendering them structurally impaired, unsafe for use and occupancy, and in a state of imminent collapse.

20. Although additional efforts were undertaken by Bainbridge to stabilize the White Flint Property and prevent further movement of the buildings, including the installation of berms and rakers, the White Flint Buildings have continued to move and continue to sustain cracking.

21. After consultation with and input from various professionals, Plaintiff White Flint was forced to evacuate its tenants due to the safety concerns arising from the movement and

damage to the buildings on the White Flint Property.

22. The White Flint Buildings remain unoccupied due to the structural impairment to, and the continued movement and cracking of, the White Flint Buildings.

23. As a result of the structural damages at the White Flint Property, Plaintiffs have incurred damages to the White Flint Buildings, lost rents, lost profits, expenses, legal fees, engineering fees, consultant fees, and continue to incur such expenses, fees and damages.

## COUNT I
### (Declaratory Judgment)

24. Plaintiffs adopt and incorporate herein by reference the facts and allegations contained in paragraphs 1 through 23, *supra*.

25. This is a claim for declaratory judgment for the purpose of determining a question of actual controversy between the parties.

26. Following the discovery of the structural damage in and to the White Flint Property, Plaintiffs filed a claim under the Policy with Defendant Travelers

27. Through its claims with Defendant Travelers, Plaintiffs sought reimbursement for damages incurred including, but not limited to, professional fees expended in connection with the investigation of the damages to the subject property and buildings thereon, the costs to stabilize the White Flint Buildings and return them to their original and undamaged condition, and the loss of rent and related damages due to the displacement of its tenants.

28. Defendant Travelers has failed and refused to reimburse Plaintiffs for the damages

incurred and/or sought.

29. Defendant Travelers has denied coverage to Plaintiff for the losses and damages incurred as a result of the structural damages at the White Flint Property.

30. Plaintiffs are entitled to a declaratory judgment that the Policy provides coverage for and reimbursement of costs expended and damages incurred.

31. Based upon Plaintiffs' position that the Policy provided coverage for damages incurred at the White Flint Property, and Defendant Travelers' position that there is no coverage under the Policy for those damages, there exists an actual controversy of a practicable issue between Plaintiff and Defendant Travelers, within the jurisdiction of this Court involving the rights and liabilities of Plaintiffs under the Policy, which controversy may be determined by a judgment of this Court.

WHEREFORE, Plaintiffs Greenhill Capital Corporation and White Flint Express Realty Group Limited Partnership, LLLP respectfully requests:

a) That this Honorable Court determine and adjudicate the rights and liabilities of the parties with respect to the Policy;

b) That this Honorable Court declare that Plaintiff is entitled receive payment of and from Defendant Travelers Property Casualty Company of America for all costs, expenses and other damages incurred, directly and indirectly, as a result of the White Flint Buildings being in a state of imminent collapse; and,

c) That this Honorable Court award costs, pre-judgment interest, and such other and further relief as is deemed appropriate.

## COUNT II
### (Breach of Contract)

32. Plaintiffs adopt and incorporate herein by reference the facts and allegations contained in paragraphs 1 through 31, *supra*.

33. Due to the fact that the White Flint Buildings are (or were) in imminent danger of collapse and/or suffer (or suffered) from a substantial impairment of structural integrity, Plaintiffs have sustained a covered loss under the Policy.

34. Plaintiffs have complied with the terms and conditions of the Policy necessary for coverage and/or payment.

35. Defendant Travelers has failed and refused to make payment to Plaintiffs for covered damages and expenses under the Policy, thereby materially breaching the Policy.

36. Defendant Travelers is in breach of the Policy, which breach includes, but is not limited to, the failure to reimburse Plaintiffs for professional expenses incurred in connection with the damages to the White Flint Property, the failure to pay for loss of rents, profits and related business losses sustained by Plaintiffs, and the damages incurred or expected to be incurred to stabilize the White Flint Buildings and return them to their original, pre-loss condition.

37. Plaintiffs have suffered and will continue to suffer damages as a result of Defendant Travelers' breach of the Policy and its failure to pay Plaintiffs' claim for damages thereunder.

WHEREFORE, Plaintiffs Greenhill Capital Corporation and White Flint Express Realty Group Limited Partnership, LLLP hereby demand judgment of and from Defendant Travelers Property Casualty Company of America in the amount of Ten Million Dollars ($10,000,000.00), or in such amount as is proven at trial, plus interest, costs and such other and further relief as this Honorable Court deems appropriate.

## COUNT III
### (Failure to Settle First Party Insurance Claim)

38. Plaintiffs adopt and incorporate herein by reference the facts and allegations contained in paragraphs 1 through 37, *supra*.

39. At all times relevant hereto, Plaintiffs maintained a commercial insurance policy with Defendant Travelers which had an applicable limit of liability exceeding One Million Dollars ($1,000,000.00).

40. Plaintiffs bring this Count pursuant to § 3-1701 of the Maryland Code Annotated, Courts and Judicial Proceedings Article, and allege that Defendant Travelers has failed to act in good faith in the handling of Plaintiffs' claim for damages sustained at the White Flint Property.

41. Defendant Travelers acted in bad faith by failing to adequately investigate Plaintiffs' claim, failing to properly evaluate Plaintiffs' claim, failing to communicate a coverage decision in a timely manner, unduly delaying the resolution of Plaintiffs' claim without justification, and otherwise failing to act in good faith in its handling of Plaintiffs' claim.

WHEREFORE, Plaintiffs Greenhill Capital Corporation and White Flint Express Realty

Group Limited Partnership, LLLP hereby demand judgment of and from Defendant Travelers Property and Casualty Company of America for damages sustained in the amount of Ten Million Dollars ($10,000,000.00), or in such amount as is proven at trial, plus pre-judgment interest from the date Plaintiffs' claim would have been paid if Defendant acted in good faith, attorneys' fees, litigation expenses and costs, post-judgment interest at the legal rate, and such other and further relief as this Honorable Court deems appropriate.

Respectfully submitted,

FUTROVSKY, FORSTER & SCHERR, CHARTERED

_____
Todd P. Forster
401 North Washington Street
Suite 110
Rockville, Maryland 20850
301-251-8500
*Counsel for Plaintiffs*

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

_____
Todd P. Forster